IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACOB PIERCE | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | ) Case No. 1:18-cv-00064 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| BUCKY ROWLAND, *individually and as* | ) MAGISTRATE JUDGE |
| *Sheriff of Maury County, Tennessee*; **BETH** | ) FRENSLEY |
| **POSEY,** *individually and as correctional* | ) |
| *officer of the Maury County Sheriff's Office*; | ) |
| **JACOB WILSON,** *individually and as* | ) |
| *correctional officer of the Maury County* | ) |
| *Sheriff's Office*; **JACOB MARBET,** | ) |
| *individually and as correctional officer of* | ) |
| *the Maury County Sheriff's Office*; **and** | ) |
| **MAURY COUNTY, TENNESSEE** | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant Beth Posey's Motion for Summary Judgment. (Doc. No. 21). Plaintiff filed a Response (Doc. Nos. 39, 40) and Defendant filed a Reply (Doc. No. 51). Defendant filed a Statement of Undisputed Facts (Doc. No. 28) to which Plaintiff responded (Doc. No. 41).

For the reasons discussed below, the Motion for Summary Judgment is **GRANTED**.

### I. BACKGROUND

At all times relevant to the pending claims, Plaintiff was an inmate in the Maury County Jail. (Doc. No. 1, ¶ 9). Defendant Beth Posey ("Posey") was a correctional officer at the Maury County Jail. Plaintiff states that he observed Posey selling contraband to inmates and reported her two other correctional officers. Plaintiff asserts that approximate two weeks after he reported

1

Officer Posey, on October 16, 2017, while she was making rounds to distribute medication, Officer Posey removed him from his cell and, as recounted by Plaintiff, they had the following conversation:[1]

>Officer Posey: Well I heard you was trying to [explicative] get me in trouble.
>
>Plaintiff: About what?
>
>Officer Posey: You know what about.
>
>Plaintiff: I don't really have no idea.
>
>Officer Posey: Yeah? Well I have it taken care of. Your ass is grass. If I get in any kind of trouble I will have you [explicative] up.
>
>Plaintiff: Damn. For what Ms. Beth?
>
>Officer Posey: Well we'll just see if it is what it is. But if it is and I get in any trouble, your ass is grass.

Plaintiff states that he later learned from a "neighbor" that before Officer Posey spoke with him, she spoke with the inmates in an adjacent cell. Plaintiff stated that he did not personally see Posey speak with the inmates in the adjacent cell and was unaware that she had spoken with them until his "neighbor" told him.

The next day, October 17, 2017, the inmates Posey is alleged to have spoken with attacked Plaintiff in his cell causing him significant injury. Posey was not on duty that day.

Plaintiff filed this case on August 28, 2018, against Officer Posey, two correctional officers who were on duty the day of the attack, Maury County Sheriff Bucky Rowland, and Maury County, Tennessee. Plaintiff alleges the following claims against the individual defendants collectively: violation of the Eighth and Fourteenth Amendments of the United States Constitution (Count I),

---

[1] Plaintiff submitted an audio recording of a statement made to Maury County Detectives on October 18, 2017, but did not file a transcript of the recording. Plaintiff submitted an affidavit attesting to the truthfulness of his recorded statements (Doc. No. 43-13) and the Court has listened to the recording. The Court provides an approximate transcription here for purposes of this analysis.

violation of Article I, Sections 13 and 32 of the Tennessee Constitution (Count III), state law torts (Count V), and punitive damages (Count VII). Plaintiff describes the federal constitutional claim as violation of right guaranteed by the Eight and Fourteenth Amendments "including, but not limited to: (a) Freedom from the use of unreasonable, unjustified and threatened force and/or imprisonment; (b) Freedom from summary punishment; (c) Freedom from cruel and unusual punishment; (d) Denial of medical attention; [and] (e) Freedom from arbitrary governmental activity which shocks the conscience in a civilized society." The "state law torts" alleged in Count V are: assault and battery, conspiracy, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been

3

presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595. "In order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (quoting *Moody v. St. Charles Cty.*, 23 F.3d 1410, 1412 (8th Cir. 1994)).

### III. ANALYSIS

Officer Posey argues Plaintiff has no proof to support his theory that she ordered a "hit" on Plaintiff and that there is no evidence from which a reasonable jury could find that she violated Plaintiff's constitutional rights or otherwise caused him injury. It is undisputed that Posey was not on duty the day Plaintiff was attacked. Posey denies that she told "other inmates or any other person that Mr. Pierce was a 'snitch.'" (Doc. No. 21-1). She states that she never "had conversations with Majestik Gillespie, Darious Fitzpatrick or any other inmate about Plaintiff" and that "[a]t no time did [she] order, insinuate or suggest in any way that Majestik Gillespie, Darious Fitzpatrick or any other inmate should harm Jacob Pierce." (*Id.*). Posey states that she "did not order 'a hit' on Jacob Pierce." (*Id.*).

Tort claims require proof of causation. *See* Restatement (Third) of Torts § 26. Section 1983 claims also require a plaintiff to establish that the defendant caused the allged harm. *White v. Bell*, 656 F. App'x. 745, 747 (6th Cir. 2016) ("One of the basic elements of a § 1983 claim is causation."). "A public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights." *McKinley v. City of Mansfield*, 404 F.3d 418, 438 (6th Cir. 2005) (quoting *Baker v. McCollan*, 443 U.S. 137, 142 (1979)). "Causation in the

4

constitutional sense is no different from causation in the common law sense." *Id.* Section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequence of his actions." *Id.* (quoting *Monroe v. Pape*, 365 U.S. 167, 187 (1961) (*overruled on other grounds by Monell v. Dep't of Soc. Svcs. of City of N.Y.*, 436 U.S. 658 (1978)).

Plaintiff's evidence regarding Officer Posey's alleged involvement consists largely of his own recorded statement made to detectives the day after the attack. In the recorded statement, Plaintiff states that he had reported Officer Posey for selling contraband in the prison,[2] that Officer Posey told him if she got in any trouble his "ass is grass," and when he was attacked the next day, the attackers called him a snitch.[3] From this scant evidence, Plaintiff surmises that Officer Posey ordered the attack on him.

Plaintiff has not presented evidence beyond speculation and conjecture from which a reasonable juror could conclude that Officer Posey caused the attack or was otherwise responsible for his injuries.[4]

---

[2] *See also*, Defendants' Statement of Facts, ¶ 8. Officer Posey denies that she sold contraband in the Maury County Jail. (Doc. No. 21-1).

[3] Plaintiff also stated that he was told by another inmate that Officer Posey spoke to his attackers before coming to his cell and telling him, "your ass is grass." The Court may consider only admissible evidence on a motion for summary judgment. Plaintiff's statement of what a third party told him, is submitted for the truth of the matter – that Posey did speak with the attackers – and is not considered. Plaintiff has not submitted any direct testimony from the inmate who alleged saw Posey speak with his attackers.

[4] Plaintiff cites a California Court of Appeals case for the applicable summary judgment standard. (*See* Doc. No. 40 (citing *Carlson v. Koivumaki*, 227 Cal. App. 4th 879, 889 (Cal. Ct. App. 2014)). Although cases from California state court have no bearing on this case in federal court in the Middle District of Tennessee, the standard articulated in *Carlson* is of no benefit to Plaintiff. The *Carlson* court stated, "An issue of fact can only be created by a conflict of evidence. It is not created by 'speculation, conjecture, imagination or guess work.' Further, an issue of fact is not raised by 'cryptic, broadly phrased, and conclusory assertions,' or mere possibilities." *Carlson*, 227 Cal. App. at 889 (citations omitted). Here, Plaintiff has presented only his own conjecture that Officer Posey was responsible for the attack against him.

## IV. CONCLUSION

For the reasons stated, Defendant Posey's Motion for Summary Judgment (Doc. No. 21) is **GRANTED**. An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE