IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JACOB PIERCE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUCKY ROWLAND, *individually and as Sheriff of Maury County, Tennessee*; **BETH POSEY,** *individually and as correctional officer of the Maury County Sheriff's Office*; **JACOB WILSON,** *individually and as correctional officer of the Maury County Sheriff's Office*; **JACOB MARBET,** *individually and as correctional officer of the Maury County Sheriff's Office*; **and MAURY COUNTY, TENNESSEE** )<br>)<br>Defendants. ) | Case No. 1:18-cv-00064<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

**MEMORANDUM**

Pending before the Court is a Motion for Summary Judgment filed on behalf of Defendants Rowland, Wilson, Marbet, and Maury County, Tennessee.[1] (Doc. No. 26). Plaintiff filed a Response (Doc. No. 44) and Defendant filed a Reply (Doc. No. 53). Defendant filed a Statement of Undisputed Facts (Doc. No. 28) to which Plaintiff responded (Doc. No. 45).

For the reasons discussed below, the Motion for Summary Judgment is **GRANTED**.

### I. BACKGROUND

At all times relevant to the pending claims, Plaintiff was an inmate in the Maury County Jail. (Doc. No. 1, ¶ 9). Plaintiff reported to a corrections officer who is not a party to this case that Corrections Officer Beth Posey was selling contraband to inmate. (Statement of Facts, Doc. No.

---

[1] Officer Posey filed a separate motion for summary judgment. (Doc. No. 21). On May 22, 2020, the Court entered an Order granting the Motion. (Doc. No. 80).

1

45 at ¶ 8). Plaintiff alleges that approximately two weeks after Plaintiff reported her, Officer Posey threatened him, saying that if she got in trouble his "ass is grass."[2] (*Id*. at ¶ 10).

The following day, Officer Marbet remotely opened the cells from "the tower" to release the inmates for recreation. (*Id*. at ¶ 11). Officer Wilson, who was relieving Officer Marbet, was also in the tower. When the doors opened, three inmates from an adjacent cell attacked Plaintiff causing him significant injury. (*Id*.; Doc. No. 43-9). Approximately one and a half minutes after opening the doors, Plaintiff called the tower and said he had been "popped in the head" and gave his cell number. (Doc. No. 45 at ¶ 12). Officer Marbet opened Plaintiff's cell door a second time. (*Id*. at ¶ 13). Officer Marbet said he thought Plaintiff had accidentally hit his head on something; he did not understand Plaintiff's comment to mean that he had been intentionally harmed or required assistance. (Marbet Decl., Doc. No. 32 at ¶ 2).

Approximately two minutes later, Plaintiff called the tower again and said, "Jake? I need help man. I just got jumped by two dudes in my room. I need some help." (Doc. No. 45 at ¶ 14). Officer Marbet arrived at Plaintiff's cell approximately five minutes after the second call.[3] (Jeter Decl., Doc. No. 30 at ¶¶ 5-6). Plaintiff stated that he thought his nose was broken. (Doc. No. 45 at ¶ 20). Officer Marbet called for assistance in escorting Plaintiff to the nurse's station. (*Id*. at ¶ 22). Plaintiff was escorted from the pod within ten minutes of Officer Marbet's entry into his cell. (*Id*. at ¶ 23).

---

[2] Plaintiff also stated that he was told by another inmate that Officer Posey spoke to his attackers before coming to his cell and telling him, "your ass is grass." The Court may consider only admissible evidence on a motion for summary judgment. Plaintiff has not submitted any direct testimony from the inmate who alleged saw Posey make this statement to his attackers.

[3] The time lapse was apparently related to a request by another inmate for some toilet paper. (Marbet Decl., Doc. No. 32 at ¶ 4). Officer Wilson went to get the toilet paper, while Officer Marbet watched to make sure that inmate, who was not released for recreation, returned to his cell. (*Id*.). When Officer Wilson returned, Officer Marbet searched the pod for safety concerns and then went to Plainiff's cell. (Doc. No. 45 at ¶ 16).

Plaintiff was treated at the hospital, where he remained overnight. (*Id*. at ¶¶ 24, 25). When he returned to the jail on October 18, 2017, Plaintiff was housed in the booking area for safety reasons. (*Id*. at ¶ 25). On October 20, 2017, Plaintiff was moved to an observation cell used for inmates with medical issues or on protective custody. (*Id*. at ¶ 26). On November 1, 2017, Plaintiff was transferred to Lawrence County Jail. (*Id*. at ¶ 27).

The Maury County Jail has a kiosk system in each pod and in booking. (*Id*. at ¶ 5; Wagunshultz Decl. (second), Doc. No. 54 at ¶ 2). Between October 18, 2017, when he returned from the hospital and November 1, 2017, Plaintiff used the kiosk system six times. (*Id*. at ¶ 3). He did not file a grievance related to the facts alleged in this case.[4] (Doc. No. 54-1). On November 1, 2017, Plaintiff submitted a handwritten note indicating that he wished to press charges against the inmate who assaulted him and against Officer Posey for threatening him. (Doc. No. 33-6).

Plaintiff filed this case on August 28, 2018, against Officer Posey, Officer Marbet, Officer Wilson, Maury County Sheriff Bucky Rowland, and Maury County, Tennessee, bringing claims of violation of the Eighth and Fourteenth Amendments to the United States Constitution, violation of Article I, Sections 13 and 32 of the Tennessee Constitution, and various state law torts. Plaintiff seeks punitive and compensatory damages, attorney's fees, declaratory judgement, and injunctive relief.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence

---

[4] The only entry arguably related to his attack is a complaint that several items were missing from his cell when he returned from the hospital on October 18, 2017. (Doc. No. 54-1).

3

of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### III. ANALYSIS

Pursuant to 42 U.S.C. § 1997(e) of the PLRA, a prisoner bringing a lawsuit under 42 U.S.C. § 1983 with respect to prison conditions must exhaust all available administrative remedies before filing the lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Fraley v. Ohio Dep't of Corr.*, No. 16-4720, 2018 WL 2979902, at * 2 (6th Cir. Mar. 22, 2018). Failure to exhaust is excused only if the administrative process is unavailable. "The Supreme Court has identified three circumstances in which an administrative process is rendered 'unavailable': first, when prison 'officers [are] unable or consistently unwilling to provide any relief'; second, when a process is 'so opaque' that it is 'incapable of use'; or third, when prison officers "thwart inmates from taking advantage of a grievance process.'" *Ratliff*, 761 F. App'x 565, 567 (6th Cir. 2019) (citing *Ross v. Blake*, 136 S.Ct.

4

1850, *1859*-60 (2016)).  Failure to exhaust administrative remedies is an affirmative defense, and the defendant must plead and prove non-exhaustion by a preponderance of the evidence. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Maury County Jail has established a grievance process that requires inmates to file a grievance through the kiosk system within 7 days of the grieved incident. (Doc. No. 33-5).  A response will be returned within five business days. (*Id*.). An inmate may file an appeal within five days of the response. (*Id*.).  All inmates receive a copy of the grievance procedures as part of the booking process. (Wagonshutz Decl., Doc. No. 33 at ¶ 4).

Plaintiff does not dispute that he did not follow the prison grievance procedure with regard to his claims in this case.  Plaintiff argues that his failure to exhaust administrative remedies should be excused because he was unable to file a grievance while he was held in the booking and medical area after his attack. (Def. Resp., Doc. No. 44 at 12).  Plaintiff states that it was "impossible" for him to "perform[] a grievance per the regulations of the prison handbook" because the jail does not have a kiosk in either the booking area or the medical area. (*Id*.)  Plaintiff claims that, although he was "locked away from all kiosks," he filed a grievance against "the individuals" and Deputy Posey "immediately upon departing the jail, when he was finally safe." (*Id*. at 12-13).

Plaintiff's claim that the jail does not have a kiosk in the booking or medical area is unsupported by citation to the record and is directly contradicted by the sworn declaration of Maury County Jail Administrator Debra Wagonshutz. (*See* Doc. No. 54).  Ms. Wagonshutz states that there is, in fact, a kiosk system available to inmates in the booking area to file grievances and make other requests. (*Id*. at ¶ 2).  Moreover, kiosk activity log directly refutes Plaintiff's unsubstantiated assertion that it was impossible for him to access a kiosk to file a grievance. (*See* Doc. No. 54-1).  The kiosk activity log shows that Plaintiff used the kiosk system in the booking

area six times in the days following the attack. (*Id.* (showing requests made October 21, 24, 28, and 31, 2017). Despite having access to the kiosk system, Plaintiff did not use the system to file a grievance related to the claims in this case.[5]

Plaintiff has provided no evidence that the administrative grievance process was unavailable to him. To the contrary, the available evidence indicates that Plaintiff had access to the kiosk system through which inmates were to file grievances and that despite having access to the kiosk system, he did not submit a grievance regarding his claims in this case. Accordingly, Plaintiff failed to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997, and his claims must be dismissed.

Because the Court finds that Plaintiff failed to exhaust administrative remedies with regard to the claims in this case, the Court need not address the merits of the claims.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is **GRANTED**. An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The letter in which Plaintiff stated his desire to press charges against the inmates who attacked him and Officer Posey, even if it is properly considered a grievance for purposes of administrative exhaustion, does not allege claims against the Defendants who filed the instant motion for summary judgment. Officer Posey filed a separate motion for summary judgment. (Doc. No. 21).